

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

METAPHYZIC EL-ECTROMAGNETIC
SUPREME-EL,

    Petitioner,

v.                                    Civil Action No. 3:14CV302

DIRECTOR, DEPT. OF CORR.,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 30, 2014, the Court dismissed Metaphyzic El-Ectromagnetic Supreme-El's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failing to complete and return an in forma pauperis affidavit or to pay the $5.00 filing fee. On July 28, 2014, the Court denied Supreme-El's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 12-13.)

On October 7, 2014, the Court received from Supreme-El, yet another attempt to continue to litigate this action, a "MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO RULE 60 OF THE FED. R. CIV. P." ("Rule 60(b) Motion," ECF No. 19.)[1]

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a

---

[1] Hereinafter, the Court corrects the spacing and capitalization and adds emphasis to the quotations from Supreme-El's submission.

meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207).

Supreme-El's request for relief under Rule 60(b)(1), filed four months after the dismissal of his § 2254 petition, was not filed within a reasonable time. McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967))). Moreover, relief under Rule 60(b) is an "extraordinary" remedy "and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). Supreme-El fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior denial of his § 2254 petition.

2

Even if Supreme-El met the threshold requirements for bringing a Rule 60(b) Motion, he fails to demonstrate that he is entitled to relief under Rule 60(b)(1). Rule 60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In his Rule 60(b) Motion, Supreme-El offers several theories for relief that lack factual or legal support.

Supreme-El claims that on May 21, 2014, he received a Memorandum Order directing him to complete the in forma pauperis affidavit or pay $5 within fifteen days. (Rule 60(b) Mot. ¶ 1.)[2] He contends that he "completed the in forma pauperis affidavit and returned it to this court in a timely matter along with other documents regarding civil action 3:14cv052, for a separate petition which was entered into the prison mailing system on Friday evening May 30th, 2014." (Id. ¶ 2.)[3] He then correctly

---

[2] The Court notes that this is impossible because the Court only entered the Memorandum Order directing him to submit the in forma pauperis affidavit or pay in this action on May 21, 2014. (See ECF No. 5.)

[3] Supreme-El's statement is incorrect again. In the case 3:14cv52, Supreme-El submitted an in forma pauperis affidavit on January 27, 2014. (ECF No. 2.) Contrary to his statement, Supreme-El did not submit an in forma pauperis affidavit in either action on May 30, 2014. Instead, in 3:14cv52, he filed a Motion for Summary Judgment, a Brief in Opposition, and an Affidavit of Truth on May 30, 2014 that the Court received on June 5, 2014. (ECF Nos. 20-22.) Supreme-El never submitted an in forma pauperis affidavit in the instant action, and only submitted the $5 filing fee on July 17, 2014, after the Court dismissed the action. (See ECF Nos. 7-9.)

asserts that by Memorandum Opinion and Order entered June 30, 2014, the Court dismissed the action because Supreme-El neither filed an in forma pauperis affidavit nor the $5 filing fee. (Id. ¶ 3.) Supreme-El provides that he "moves for relief in accordance with Rule 60(b)(1) of the Fed. R. Civ. P. for: (1) mistake, inadvertence, surprise, or excusable neglect; for mailing the in forma pauperis without including it on the certificate of service dated May 30, 2014 which was considered as failing to return the in forma pauperis affidavit within the 15 day period ordered by this court." (Id. ¶ 7.) Alternatively, he claims

> Relief under Rule 60(b)(1) should be available whether the Petitioner failed to include the in forma pauperis affidavit on the certificate of service or failing to return it; failing to pay the fee within the time period specified; or whether the Clerk overlooked the in forma pauperis affidavit which was returned along with other documents in separate action on May 30th, 2014 A.D.

(Id. ¶ 8.) Putting aside any errors in the procedural history as recited by Supreme-El, he fails to demonstrate any entitlement to relief under Rule 60(b)(1). Simply put, Supreme-El failed to return the in forma pauperis affidavit or pay the $5 filing fee within fifteen days of the May 21, 2014 Memorandum Order directing him to do so. Supreme-El only attempted to pay the filing fee after the Court dismissed his action on June 30, 2014. Supreme-El offers no explanation for his failure to

4

follow the Court's directives, thus he fails to demonstrate "mistake, inadvertence, surprise, or excusable neglect" required for relief under Rule 60(b)(1). Supreme-El's Rule 60(b) Motion will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Supreme-El.

/s/ *R E P*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 15, 2015